IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

GRETCHEN STINSON §
§
PLAINTIFF, §
§
V. § CIVIL ACTION NO. 2:23-cv-114
§
§
WALMART INC., WALMART § JURY REQUESTED
STORES TEXAS, LLC, AND JACOB §
"DOE" §
§
DEFENDANTS. §

## DEFENDANTS WALMART, INC. AND WAL-MART STORES TEXAS, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC, pursuant to 28 U.S.C. § 1446(a), files this Notice of Removal of the present cause from the County Court at Law No. 2 of Nueces County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Corpus Christi Division, showing the Court in support as follows:

## A.     INTRODUCTION

1.      This action is a civil personal injury lawsuit. This case was commenced by the filing of an Original Petition in Cause No. 2023CCV-60367-2 in the County Court at Law No. 2 of Nueces County, Texas on March 21, 2023. *See attached Exhibit "A".* Plaintiff is Gretchen Stinson. Defendants are Walmart, Inc. and Wal-Mart Stores Texas, LLC (sometimes together "Walmart"), and Defendant Jacob "Doe".

2.      Plaintiff sued Walmart and Defendant Jacob "Doe" for claims of negligence and premises

liability arising from a slip and fall incident that is alleged to have occurred on October 19, 2022. *Id. at p. 4, ¶ 16.* Pursuant to 28 USC §1446(a), a copy of the Original Petition is attached as *Exhibit "A".*

3.      Walmart received notice of the suit on April 3, 2023. *See attached Exhibit "B".* Defendant Jacob "Doe" has not been served, as he is a fictitious person, and has not answered.  Walmart timely filed its Answer to Plaintiff's Original Petition on April 17, 2023. *See attached Exhibit "C."* Walmart files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## B.      BASIS FOR REMOVAL

4.      Plaintiff alleges in her Original Petition that she has been and is now residing in Corpus Christi, Nueces County, Texas. *See Exhibit "A", p. 2, ¶ 8.* Plaintiff still resides in Corpus Christi, Nueces County, Texas based on all available information to Walmart. Therefore, for purposes of removal, Plaintiff is a citizen of Texas.

5.      Defendant Walmart Inc. at the time of the filing of Plaintiff's Original Petition, and is at the time of filing of this Notice of Removal, a corporation organized and existing under the laws of the State of Delaware with its principal office and residence in Bentonville, Arkansas. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Walmart Inc. is therefore a citizen of both Delaware and Arkansas, but is not a citizen of Texas.

6.     Defendant Wal-Mart Stores Texas, LLC was, at the time of the filing of Plaintiff's Original Petition, and is at the time of filing of this Notice of Removal, a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

7.     Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. V. Conagra Foods, Inc.,* 136 S. Ct. 1012, 106 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24,* 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre, 615CV0558LEKTWD,* 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016)(finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold").* The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

8.     Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Wal-Mart Property Co. is also a wholly owned subsidiary of Wal-Mart Stores East, LP.

9.     Wal-Mart Stores East, LP is a Delaware limited partnership. The citizenship of a limited partnership, for diversity jurisdiction purposes, is based on the citizenship of each of its partners. *Harvey,* 542 F.3d at 1079. WSE Management, LLC is the general partner of Wal-Mart Stores East,

LP, and WSE Investment, LLC is the limited partner. The citizenship of these LLCs is determined by the citizenship of each of its members. *See Id.* at 1080. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

10.     Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas and has its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Id.* The sole member of Wal-Mart Stores East, LLC is Defendant Walmart Inc.

11.     Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas, but is not a citizen of Texas.

12.     Defendant Jacob Doe is a non-identified, fictitiously-named Defendant and has not been served with process. "In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded." *Mosely v. Doe #1*, No. 3:21-CV-2919-B, 2022 WL 1102867, at \*3 (N.D. Tex. Apr. 13, 2022) (quoting 28 U.S.C. § 1441(b)(1)).  Because only named defendants' citizenships are considered in a court's analysis to determine if removal is proper, the fact that the named parties here are completely diverse meets the burden required of the moving party. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (stating "the presence of "John Doe" defendants at the commencement of an action creates no impediment to removal. […] Thus, the diversity of citizenship between Deere and McPhail was sufficient to support the statutory diversity requirement at the time of removal.) (internal citations removed).

13.     Alternatively, even if Defendant Jacob "Doe" was determined to be an appropriate defendant for purposes of determining diversity, and was determined to be a citizen of Texas,

removal is still required. Defendant Jacob "Doe"'s citizenship should be disregarded for purposes of determining diversity jurisdiction because he was improperly and fraudulently joined to this lawsuit by Plaintiff.

14. Complete diversity therefore exists between the adverse parties to this action under 28 U.S.C. §1332(a).

15. Plaintiff did not seek a monetary amount of damages in her Original Petition. Counsel for Walmart sent a correspondence to Plaintiff's counsel seeking clarification of Plaintiff's intention regarding damages, and Plaintiff responded on April 19, 2023 that Plaintiff "can't stipulate to seeking under $75,000 in recovery." *See attached Exhibit "D."* Therefore, based on all available information to Walmart, the amount in controversy is greater than $75,000, exclusive of interests and costs.

16. Upon filing of this Notice of Removal of this cause, written notice of the filing by Defendants to Plaintiff has been provided as required by law. Notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

17. Based upon the foregoing, this Court has original jurisdiction for this matter pursuant to 28 U.S.C. §1332, and the matter is one which may be removed to this Court pursuant to 28 U.S.C. §1446.

### C. JACOB "DOE" DEFENDANT

18. Defendant Jacob "Doe" is not an identified defendant, but he is a fictitiously-named defendant. 28 U.S.C. §1441(a) clearly states that "the citizenship of defendants sued under fictious names shall be disregarded." Jacob "Doe" does not provide sufficient information for the Court to know the specific identity of the partially named defendant and must be regarded as fictious for

purposes of 28 U.S.C. §1441(a). *Brooks v. Purcell*, 57 Fed.Appx. 47, 50-51 (3rd Cir. 2002) (holding that partially named defendants are fictious defendants unless they were identified with sufficient information so as to allow court to identify the individual so that their citizenship can be ascertained).

19. In addition to the clear language of the statute, courts have routinely held that the risk that a fictitiously-named defendant might have nondiverse citizenship does not bear on the propriety of the notice of removal. *See Garcia v. Walmart, Inc.*, No. 2:20-CV-075, 2020 WL 2576239, at *1 (S.D. Tex. May 21, 2020) (stating "the Court is required to disregard [John Doe] in evaluating the propriety of the removal."). "Indeed, Fifth Circuit authority recites the principle set forth in [28 U.S.C. § 1441(b)(1)]." *See Jackson v. Wells Fargo Bank, N.A.*, No. 4:12CV524, 2012 WL 12896237, at *1 (E.D. Tex. Oct. 4, 2012) (citing to *Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240, 248 (5th Cir. 2011); *Stephens v. Halliburton Co.*, 2003 WL 22077752, 5 (N.D. Tex. 2003) ("naming a John Doe defendant does not defeat the named defendant's right to remove a diversity case if its citizenship is diverse from that of the plaintiff.")). Additionally, district courts across the Fifth Circuit continue to hold that "John Doe"-employees of diverse corporate defendants do not bear on the question of removal. *See Fulford v. Lowe's Home Centers, Inc.*, No. 5:18-CV-152-C, 2018 WL 11356912, at *2 (N.D. Tex. Sept. 25, 2018) (stating that "[employee] [d]efendant John Doe's citizenship shall be disregarded for the purposes of analyzing diversity jurisdiction."); *see also Molina v. Wal-Mart Stores, Texas, LLC*, No. SA-18-CA-1273-XR, 2019 WL 410392, at *2 (W.D. Tex. Feb. 1, 2019) (stating that "the Court notes that the citizenship of John Doe #1 and Jane Doe #1 do not bear on the question now before the Court. The Court's removal analysis disregards the citizenship of defendants sued under fictitious names."). Thus, the citizenship of

Jacob "Doe" in this lawsuit should not be considered in the removal analysis.

## C.     FRAUDULENT JOINDER

20.     Plaintiff has alleged that Defendant Jacob "Doe" was a Walmart employee who was unloading merchandise from an industrial shipping pallet before the subject accident. Plaintiff had no possibility of establishing an independent claim of negligence against Jacob "Doe" under Texas law in this lawsuit. As such, his citizenship should be disregarded for purposes of affirming this Court's jurisdiction pursuant to 28 U.S.C. §1332 and 1446(a).

21.     When a party charges that fraudulent joinder was used to establish jurisdiction, the removing party has the burden of proving the claimed fraud. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted). If a defendant has been fraudulently joined, his presence must be disregarded by the court in determining the existence of diversity jurisdiction and assessing the propriety of removal. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). A determination of fraudulent joinder is based on an analysis of causes of action alleged in the complaint at the time of removal. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes. *See French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).

22.     Federal Courts have recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. The second factor is at issue in this case. To prove its allegation of fraud, the removing party must demonstrate "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."

*Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004). There is no reasonable basis that the Plaintiff might recover against Defendant Jacob "Doe". Under Texas law, an employee may not be held individually liable unless he breaches an independent duty of care owed to the injured party that is separate and apart from the duty owed by the employer. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). Further, an employee in Texas can be held individually liable when the employee breaches a duty owed to a plaintiff that is independent of the duty of reasonable care owed by the employer. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

23. Plaintiff's claim against Defendant Jacob "Doe" relate solely to his acts or omissions related to his scope of work as a Walmart store employee. A corporate employee's acts on the corporation's behalf are deemed corporate acts. *Leitch*, 935 S.W.2d at 117-18. Defendant Jacob "Doe" owes no duty that is separate and apart from Walmart's duty to the Plaintiff. Importantly, this Court, the United States District Court for the Southern District of Texas Corpus Christi Division has dealt with the same factual scenario as in this case, where a plaintiff has added an individual employee solely to defeat diversity jurisdiction. In *America Narvaiz vs. Wal-Mart Stores Texas, LLC, et al,* the plaintiff filed a Motion to Remand under the impression that two Defendants were not diverse, citing that a Wal-Mart store employee named as a defendant in the case defeated diversity. However, the Court found otherwise, ruling that Plaintiff's Motion to Remand be denied because the employee named as a defendant did not owe a duty to exercise reasonable care independent "from the duty that Wal-Mart owed because the actions the employee allegedly took were in the course and scope of her employment." Defendant Jacob "Doe" did not owe Plaintiff an independent duty, and Plaintiff cannot establish a separate cause of action against him.

**D. REMOVAL IS TIMELY**

24.     This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b)(3), in that it is filed within thirty (30) days after receipt by Walmart, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  Therefore, this Removal is timely.

**E. FILING WITH STATE COURT AND NOTICE TO PLAINTIFF**

25.     Upon filing this Notice of Removal of this cause, written notice of the filing by Walmart to Plaintiff will be provided as required by law.  A copy of this Notice is also being filed with the Clerk of the District Court in which this cause was originally filed.  A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. §1446(a).

**F. JURY DEMAND**

26.     Plaintiff demanded a jury in the state-court suit.  Walmart hereby requests a trial by jury.

**G. CONCLUSION**

27. Defendants Walmart, Inc. and Wal-Mart Stores Texas, LLC, remove this case to federal court on the basis of diversity jurisdiction.  All of the identified Defendants are completely diverse from the Plaintiff.  Additionally, any claim against the fictitiously-named individual Defendant Jacob "Doe" does not defeat diversity because of the aforementioned fictitious identification and because any inclusion of such Defendant is based upon fraudulent joinder and must not be considered for purposes of this Removal.

Respectfully submitted,

COLVIN, SAENZ, RODRIGUEZ & KENNAMER, L.L.P.

By: /s/Omar A. Saenz
       Jaime A. Saenz
       Texas Bar No. 17514859
       Southern District No. 7630
       Email: ja.saenz@rcclaw.com
       Omar A. Saenz
       Texas Bar No. 24083777
       Southern District No. 3070429
       Email: oa.saenz@rcclaw.com
       1201 East Van Buren Street
       Brownsville, Texas 78520
       (956) 542-7441
       (956) 541-2170 Fax

**ATTORNEYS FOR DEFENDANTS WALMART INC. AND WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on this 27th day of April, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1(d).

       /s/ Omar A. Saenz
       Omar A. Saenz